IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No.  15-CR-200-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SHAWN SHIELDS,

    Defendant.

---

### SHAWN SHIELDS OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

---

Shawn Shields submits the following objections to the Presentence Investigation Report (ECF Document 126) dated May 23, 2018:

### INTRODUCTION

The paragraph numbers used in this document will correspond to the paragraph numbers in the Presentence Investigation Report dated May 23, 2018 (ECF Document 126) and thus will only utilize the numbers of paragraphs in Document 126 to which objections are made. An objection may be made to information contained in several consecutive paragraphs and will therefore be identified by denoting that sequence of paragraphs. For example, the objection to paragraphs six through seven is designated "6-7."

6-7. Mr. Shields objects to the description of the offense conduct as it inadequately describes the nature of the threat to him described at trial. In particular, it fails to describe the testimony of Donald Heisler detailing his threat to kill Mr. Shields,

1

the weapon Heisler possessed, his effort to lull Mr. Shields into a false sense of security after chasing him up the stairs so as to make a later effort to carry out the threat more effective, and his threats stated to Mr. Shields through his cell door after Mr. Shields had returned to his cell and Mr. Heisler had not.

16-17.   Mr. Shields asserts that he should be granted the two level reduction for Acceptance of Responsibility described in USSG Sec. 3E1.1.  Application Note 1 of that rule is applicable to Mr. Shields because only by taking the case to trial could he properly assert and preserve the issue that the jury should be instructed on the defense of necessity.  His pre-trial statements admitted his conduct and his pre-trial conduct assisted law enforcement officers to recover the evidence used to convict him.

35-41.   Mr. Shields objects to the statements of facts contained in paragraphs 35-41 if the Presentence Investigation Report as inaccurate and insufficiently documented to warrant acceptance by the court or being given any weight by the court.  In only one of the paragraphs, number 36, is any source for the information stated.  Paragraph 36 states it is from a "Department of Corrections incident report."  Mr. Shields disputes the accuracy of the factual descriptions in each of the paragraphs 35-41and asserts that without being afforded the opportunity to review the source of the information neither he nor counsel can effectively answer, defend or correct the assertions made therein.

45-48.   Mr. Shields objects to the addition of 2 points to his criminal history computation under USSG Sec.  4A1.1(d).  That rule adds points when the present offense was committed while under a sentence.  Being under such a sentence is an essential element of the crime for which he was convicted and this factor is therefore

accounted for in the base level of the offense.  The plain meaning of the rule and the commentary accompanying it is that it is intended to apply to crimes where the fact that the crime was committed during a sentence is not accounted for in the substance of the crime itself.  The rule is inapplicable to Mr. Shields as duplicative of the conviction itself.

75-76.	Mr. Shields asserts that the guideline computation contained in the Presentence Investigation Report is inaccurate for all of the reasons stated in the preceding paragraphs of these Objections.

DATED at Denver, Colorado this, __6th__ day of __June__, __2018__.

> s/ Abraham V Hutt
> Abraham V Hutt
> #14137
> Recht Kornfeld PC
> 1600 Stout Street, Suite 1400
> Denver, Colorado   80202
> (303) 573-1900

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the forgoing was served this  6th   day of June, 2018 by ECF upon:

Valeria Neale Spencer     Valeria.Spencer@usdoj.gov, CaseView.ECF@usdoj.gov, USACO.ECFCriminal@usdoj.gov, valerie.nielsen@usdoj.gov

Clay C. Cook     c2cook@bop.gov, clay.cook@usdoj.gov, mackenzie.bray@usdoj.gov

Celeste Brianne Rangel     celeste.rangel@usdoj.gov, CaseView.ECF@usdoj.gov, Harmony.Ragland@usdoj.gov, Kelsey.Totura@usdoj.gov, diana.brown@usdoj.gov, maggie.grenvik@usdoj.gov, usaco.ecfcriminal@usdoj.gov

                                                s/ Leni Charles
                                                Legal Assistant