**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 15-cr-00200-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**1.    SHAWN SHIELDS,**

    Defendant.

---

**GOVERNMENT'S SUPPLEMENTAL SENTENCING STATEMENT**

---

The United States of America, by and through Robert C. Troyer, United States Attorney, and undersigned counsel, submits the following Supplemental Sentencing Statement pursuant to D.C.Colo.LCrR 32.1(a)(1).

The government respectfully requests that the Court impose a sentence of 41 months, the top of the applicable guidelines range of 33-41 months. Because the instant offense was committed while Defendant was serving a term of imprisonment, the sentence imposed in this case will be consecutive to his current term of imprisonment. *See* 18 U.S.C. § 1791(c); U.S.S.G. § 5G1.3(a)

For the reasons set forth below, a 41-month sentence would be sufficient, but not greater than necessary to accomplish the goals set forth in 18 U.S.C. § 3553(a).

**FACTUAL AND PROCEDURAL BACKGROUND**

On February 20, 2018, trial began for the single-count alleged in the Indictment. On February 22, 2018, the jury returned a verdict of guilty as to Count One: Possessing Contraband in Prison, in violation of 18 U.S.C. § 1791(a)(2). The instant offense occurred while Defendant was incarcerated at the United States Penitentiary –

Administrative Maximum in Florence, Colorado.   A sentencing hearing is scheduled for September 5, 2018, at 2:30 p.m.   *See* Doc. 135.

## ARGUMENT

### I.     EVALUATION OF 3553(a) FACTORS

#### A.     <u>The Nature and Circumstances of the Offense</u>

A full recitation of the facts regarding the instant offense of conviction was previously addressed in the Government's Sentencing Statement.   *See* Doc. 123 at 2-4; *see also* Doc. 137 (Presentence Investigation Report or PSR) at ¶¶ 4-12.

The instant offense of possessing a weapon in a federal prison is a very serious matter.   The volatility of the prison environment, or lack thereof, depends heavily on inmates abiding by the institutional rules surrounding their behavior.   When inmates willfully engage in misconduct, especially criminal misconduct, the delicate balance between volatility and stability is tipped to the detriment of the latter.   This potentially dangerous prison atmosphere is dramatically exacerbated when inmates possess homemade weapons.

The safety and security of both staff and inmates are in jeopardy each time an inmate possesses a weapon.   For Defendant to possess a weapon, which could have been just as easily used in addition to being possessed, he undermined the very safety and security balance of the institution.   Instances of inmate violence using weapons have an uncomplicated genesis: the possession of weapons by inmates. The key to thwarting further weapon-related violence in prison is to send a determined and calculated message that weapon possession will not be tolerated, but will be

punished as severe criminal conduct that endangers federal officials and federal inmates.

For all of these reasons, Defendant's criminal conduct justifies a 41-month consecutive prison term to reflect the seriousness of his offense.

**B.        The History and Characteristics of Defendant**

Defendant, who is 45 years old, has 23 criminal history points, placing him in Criminal History Category VI.  See Doc. 137 at ¶ 47.  His criminal history began with unlawfully carrying a weapon as a 19-year old youth and criminally progressed to multiple violent felony convictions, including a murder conviction while incarcerated, over the subsequent years.  Id. at ¶¶ 30-41.  Defendant's criminal history includes at least eleven felony convictions in total.

Most of these felony convictions have occurred since 1994 and while Defendant has been incarcerated.   These include multiple convictions for possessing contraband while in prison: possession of marijuana while incarcerated at the Buena Vista Correctional Facility in Colorado (Id. at ¶ 34); possession of a homemade knife, small metal blades, small pieces of metal, and a handcuff key while incarcerated in Colorado (Id. at ¶ 36); possession of contraband while incarcerated at the Centennial Correctional Facility in Colorado (Id. at ¶ 37); possession of two small pieces of protective glass, a 6.5-inch shank, and a 8-inch shank in his cell while incarcerated at the Jefferson County Detention Facility in Colorado (Id. at ¶ 39); and possession of a 16-inch metal rod that "he planned on using . . . to break out a window in the visiting booth, to get a couple of clips and a gun from his visitor, and shoot as many deputies out there as he could" while incarcerated at the Jefferson County Detention Facility in Colorado (Id. at ¶ 40).

Defendant's incarcerated offense history does not end with possessing contraband, weapons, or merely intending to use them, he has a very violent history while incarcerated.  In 2005, he was convicted of conspiracy to retaliate against a witness in connection to court proceedings in the United States District Court for the District of Colorado.  *Id.* at ¶ 38.  Defendant and another inmate, Vernan Templeton, were housed in the same holding cell as a third inmate who had testified against Defendant's associate, Carl Pursley.  *Id.*  Once they were together, Defendant and Templeton told the inmate-witness, "You're a piece of sh** rat fuc*.  You'll get what's coming to you and Shorty [a nickname for Defendant] will take care of it."  *Id.* Defendant told the inmate-witness that "the purpose of his trip to Denver was to make sure that the witness did not testify."  *Id.*  Defendant then "punched the witness in the mouth, breaking his dental plate in the process."  *Id.*  Defendant and Templeton then "savagely beat the witness for between one and two minutes."  *Id.*  The "beating involved repeated punches and kicks, delivered by both, to the witness' head and body.  The witness' ankle was also sharply twisted during the beating.  After the beating, [Defendant] "stomped on and destroyed the witness' dental plate" and Defendant "hit him again and opened a cut over his eye which later required stitches."  *Id.*

Defendant's continued escalation in violent conduct again occurred in 2010, when he was convicted, again while incarcerated, of second degree burglary of a dwelling (cell) and second degree murder.  *Id.* at ¶ 41.  In November 2005, an inmate was found dead in his cell at the Jefferson County Detention Facility.  *Id.*  The death of the inmate was originally classified as a suicide, but further investigation revealed that the cause of death was strangulation.  *Id.*  In addition to this investigation, another

4

inmate died while housed at the Federal Correctional Institution (FCI) Englewood, in Littleton, Colorado.  *Id.*  In August 2005, Defendant confessed to killing the FCI Englewood inmate "by strangulation and staging the scene to appear as a suicide[.]"  *Id.*  Specifically, Defendant "came up from behind the victim and put him in a sleeper hold.  He sustained this hold until the other inmate was dead."  *Id.*  In relation to the inmate death at Jefferson County, Defendant also confessed to killing this inmate.  *Id.*  Similar to the FCI Englewood killing, Defendant "grabbed the victim by the shirt and placed him in a sleeper hold from behind.  He pulled him backward while intentionally falling to the floor with the victim on top of him to apply more pressure.  He heard the victim's neck crack and the victim became unconscious within seconds."  *Id.*  Defendant believed the victim was dead and staged the scene to look like a suicide.  *Id.*  As Defendant was leaving the cell, he turned and saw the victim standing.  *Id.*  Defendant then "punched the victim, causing the victim's head to strike the wall.  That opened a large gash over the victim[']s left eye and caused the eye to swell.  He pushed the victim down onto his bunk and heard gurgling noises coming from him.  He observed blood soaking the blanket."  *Id.*  Defendant, after stealing things from the victim's cell, left the cell undetected.  *Id.*  The victim was thereafter found dead in his cell.

During this investigation, Defendant also admitted to "stabbing a black inmate" at the Colorado State Penitentiary in 1995 and also stabbing "another black inmate at the Centennial corrections facility."  *Id. at* ¶¶ 41, 35 (Defendant "stabbed another inmate on July 14, 1995, at the Colorado State Penitentiary.").

5

It is notable that from 1991 to present, with few exceptions, he has either been incarcerated or engaging in criminal conduct. It is not surprising that most of that criminal conduct occurred in a penal institution. Federal disciplinary infractions include possessing drugs/alcohol in August 2015 and possessing a hazardous tool in November 2017.   *Id.* at ¶ 44.

Defendant's past criminal offenses and current misconduct while serving his federal sentence are certainly not devoid of violence or threats of violence. Despite heavy sentences for his past criminal offenses and disciplinary action taken while incarcerated, he has failed to refrain from engaging in prohibited conduct.   His instant offense of possessing a homemade prison shank is one more link in his ever-growing chain of criminal offenses while incarcerated.   Indeed, Defendant's criminal history has continued to diversify with more serious offenses, despite receiving increasingly higher sentences with each conviction.   Especially while incarcerated, he continues to exhibit troublesome and violent behavior, including the instant offense.   His poor choices have led him to the present sentencing consequences and he must be held accountable for his continued abuse of the law.

### C.     Reflecting the Seriousness of the Offense; Promoting Respect for the Law; Providing Just Punishment; Deterring Crime; Protecting the Public

A 41-month consecutive sentence would reflect the seriousness of the offense of possessing a weapon in prison.   Such a sentence is also necessary to deter Defendant from engaging in further criminal conduct.   Other inmates who are currently

6

engaged in or are contemplating comparable criminal conduct will know about and hopefully be deterred by Defendant's sentence. Furthermore, this sentence would protect the public, both the outside community and the internal prison community – from further crimes of Defendant who, while incarcerated, has been even more prone to engage in criminal conduct as he was when he was in the community.

Accordingly, this sentence is necessary to send a clear message reminding the prison population that possessing weapons has always been and continues to be illegal, period.

## CONCLUSION

WHEREFORE, the government respectfully requests that the Court impose a sentence of 41 months imprisonment, the top of the applicable guidelines range of 33-41 months, consecutive to his current term of imprisonment pursuant to federal statute. This sentence will be sufficient, but not greater than necessary, to accomplish the goals

set forth in 18 U.S.C. § 3553(a).

Dated this 27th day of August 2018.

    Respectfully Submitted,

    ROBERT C. TROYER
    United States Attorney

    *s/Clay C. Cook*
    CLAY C. COOK
    Special Assistant U.S. Attorney
    U.S. Attorney's Office
    1801 California Street, Suite 1600
    Denver, CO 80202
    Phone: 303-454-0100
    Fax: 303-454-0401
    Email: clay.cook@usdoj.gov

    *s/Valeria N. Spencer*
    VALERIA N. SPENCER
    Assistant U.S. Attorney
    U.S. Attorney's Office
    1801 California Street, Suite 1600
    Denver, CO 80202
    Phone: 303-454-0100
    Fax:   303-454-0401
    Email: valeria.spencer@usdoj.gov

    Attorneys for the Government

## CERTIFICATE OF SERVICE

       I hereby certify that on this 29th day of August 2018, I electronically filed the foregoing **GOVERNMENT'S SUPPLEMENTAL SENTENCING STATEMENT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the all parties of record.

         *s/Valeria N. Spencer*
         VALERIA N. SPENCER
         Assistant U.S. Attorney
         U.S. Attorney's Office
         1801 California Street, Suite 1600
         Denver, CO 80202
         Phone: 303-454-0100
         Fax:   303-454-0401
         Email: valeria.spencer@usdoj.gov