IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 15-CR-00200-REB

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

SHAWN SHIELDS,

    Defendant.

_____

**REPORTER'S TRANSCRIPT**
(Motion Hearing)

_____

        Proceedings before the HONORABLE ROBERT E. BLACKBURN,

Judge, United States District Court for the District of

Colorado, commencing at 11:06 a.m., on the 18th day of

December, 2017, in Courtroom A1001, United States Courthouse,

Denver, Colorado.

Proceeding Recorded by Mechanical Stenography, Transcription
Produced via Computer by Tracy Weir, 901 19th Street,
Room A258, Denver, Colorado 80294, (303) 298-1207

1        **APPEARANCES**

2              VALERIA SPENCER and CLAY COOK, Assistant U.S.

3   Attorneys, 1801 California Street, Suite 1600, Denver, Colorado

4   80202, appearing for the plaintiff.

5              ABRAHAM HUTT, Attorney at Law, Recht & Kornfeld, P.C.,

6   1600 Stout Street, Suite 1400, Denver, Colorado 80202,

7   appearing for the defendant.

8                      *   *   *   *   *

9        **PROCEEDINGS**

10             (In open court at 11:06 a.m.)

11             *THE COURT:*  Good morning, thank you.  Please be seated

12  at your present venue.

13             This is case 15-cr-00200, which continues to be

14  identified as United States of America versus Shawn Shields,

15  defendant.

16             As set by order of the Court, the matter comes on for

17  hearing on the styled Unopposed Motion for a 60-day Ends of

18  Justice Exclusion, document 72, filed by counsel for the

19  defendant on October 23, 2017.

20             At this hearing, the Government appears by assistant

21  United States attorneys, Valeria Spencer and Clay Cook.  Good

22  morning.

23             *MS. SPENCER:*  Good morning, Your Honor.

24             *MR. COOK:*  Good morning, Your Honor.

25             *THE COURT:*  The defendant, Shawn Shields, is not

1  present in court but participating by VTC.  Mr. Shields, good
2  morning.

3          *THE DEFENDANT:*  Good morning, sir.

4          *THE COURT:*  Counsel for Mr. Shields, Abraham Hutt is
5  present in open court.  Good morning.

6          *MR. HUTT:*  Good morning, Your Honor.

7          *THE COURT:*  I direct your attention to the Unopposed
8  Motion for a 60-day Ends of Justice exclusion; to rehearse,
9  document 72.  By my count, if granted, that would toll speedy
10  trial or exclude time through Friday, December 22, 2017.

11          I commission this hearing even in the context of an
12  unopposed motion to ensure the requirements of *U.S. v. Toombs*
13  are satisfied completely.

14          Thus, what I'm looking from you, Mr. Hutt, is really a
15  recitation of the factor or factors that caused you to conclude
16  that 60 days, rather than 45 days or 90 days, was the
17  appropriate quantum of time for which you sought exclusion.
18  That is really the focus of this hearing, to dot those *Toombs*
19  I's and cross those *Toombs* T's, if you will.

20          *MR. HUTT:*  Thank you, Your Honor.  I endeavored in the
21  motion to do that.  Let me make sure I am making sure for the
22  record that the need for the 60 days has to do with, as I
23  pointed out primarily in paragraph 4 of the written motion, the
24  difficulties that are necessary and the challenges for being
25  able to get to Mr. Shields from my office in Denver, given both

1    the distance of the security arrangements that need to be made,

2    and my busy court schedule in various jurisdictions.

3         *THE COURT:*  I apologize for interrupting.  Let me

4    bifurcate those two important considerations.

5         I presume you have some experience in scheduling

6    attorney-client visits with Mr. Shields in his current prison

7    setting; is that correct?

8         *MR. HUTT:*  Yes, sir.

9         *THE COURT:*  All right.  Based -- armed now with that

10   experience, which I presume is growing and increasing,

11   approximately what amount of time does it take you to make

12   those arrangements, prepare for, travel to and from, and then

13   meet with Mr. Shields at the prison complex in Florence?

14        *MR. HUTT:*  I will tell you, Your Honor, that because

15   of my schedule, I have -- although I'm familiar with the

16   scheduling and the travel, I have not yet been able to schedule

17   the amount of time to do that because it is a four-plus hour

18   round trip from my office.

19        So the conversations that I've had with Mr. Shields

20   have only been by telephone.  So arranging to do an in-person

21   meeting with him will require both -- in addition to the travel

22   time -- what I expect would be at least two hours of time

23   meeting with Mr. Shields, and then there is a question of

24   when -- what time is available according to the prison for us

25   to be able to do that.

1        I am encouraged to learn it will at least be possible

2   to do that on a weekend as that will make the setting aside of

3   the, essentially, full day of my time that I will need in order

4   to be able to do that.

5        *THE COURT:*  All right.  That takes care of that first

6   prong to which you refer.  Now, to the second prong; that is,

7   how busy you are discharging other professional duties and

8   responsibilities in other courts, in other jurisdictions

9   involving other clients.  Could you speak to that, especially

10  as that has occurred since the filing of the motion on

11  October 23?

12       *MR. HUTT:*  Yes, Your Honor.  Probably the best way is

13  to build on what I have said previously to the Court, which is

14  that my trial schedule, daily hearings, motions, appellate

15  deadlines have prevented me from being able to set aside the

16  entire day, even including potentially a weekend day, to meet

17  with Mr. Shields between now and then.

18       So if I take a look at my calendar, I don't believe

19  that there was any workday between the filing of the motion and

20  today that I have not had a court appearance, at least and

21  probably two, in some jurisdiction.

22       The trial -- that, of course, includes appearances

23  that are not trials and some sort hearings, some longer

24  hearings, but that is the nature of my practice and has been

25  especially true in those ensuing months since the filing of the

1  motion.

2         *THE COURT:*  I presume that was an important

3  consideration to you in drafting and filing the motion now on

4  for hearing and requesting 60 days as opposed to some other

5  period of time for consideration by the Court; is that a fair

6  statement?

7         *MR. HUTT:*  It is a very fair and accurate statement,

8  Your Honor.

9         I will also tell the Court that in discussions with

10 the United States attorneys before Your Honor took the bench

11 and discussion about what might be potentially good trial

12 dates, that the calendar that has developed for me between now

13 and the ensuing -- and the following few months is also busy

14 and that it is my request that the Court grant the motion and

15 the 60 days as of today, and I was discussing with the U.S.

16 attorneys the possibility of potentially setting the trial

17 on -- during the week of the 20th of February.

18        Again, I think that's the best way for me to try and

19 explain the best way to the Court what my view of my calendar

20 and the obligations that I have in other jurisdictions between

21 now and then.

22        *THE COURT:*  All right.  Now, in the 50-plus days that

23 have now elapsed and expired since you filed your motion on

24 October 23, 2017, and today, December 18, 2017, to the extent

25 that you can and may, comment on your ability to have used that

1   time in reviewing discovery and analyzing legal strategies, and

2   attempting to identify what, if any, additional pretrial

3   motions that you would urge the Court at some point to

4   entertain.

5         *MR. HUTT:*  Your Honor, I have been able to do that,

6   although I will tell the Court honestly the things on my

7   physical to-do list in Mr. Shields' case I have let get further

8   down that list than I'm pleased with.

9         I apologize to the Court for that, but I have been

10  able to do that -- some of that analysis, and I believe that

11  there is a motion that Mr. Shields would like me to present to

12  the Court that I intended to present, but there is -- that is

13  just one motion.

14        I have sufficiently been able to analyze things that I

15  believe I can put that before the Court in short order and ask

16  the Court to schedule it and, as I say, that we could be

17  prepared to be -- could be prepared for trial as early as the

18  February date that I indicated.

19        *THE COURT:*  Let me approach it from the converse.  Is

20  there any reasonable or practical way in which you could be

21  prepared to commence trial on behalf of Mr. Shields prior to

22  February 20, 2018?

23        *MR. HUTT:*  No, Your Honor.

24        *THE COURT:*  I assume that is for all of the reasons

25  you have stated and developed not only in the motion now on for

1    hearing but as you supplement the record at the podium today;

2    is that correct?

3            *MR. HUTT:*  It is correct, Your Honor.

4            *THE COURT:*  Anything else that the Court should

5    consider in the context of this motion?

6            *MR. HUTT:*  No, Your Honor.

7            *THE COURT:*  Which is now an amended motion, I take it,

8    and you're moving orally essentially to include the exclusion

9    of time from the filing of the motion on October 23, 2017,

10   through and including February 19, 2018.  Is that a fair

11   summary of your oral amendment and request?

12           *MR. HUTT:*  Very fair, Your Honor.

13           *THE COURT:*  Counsel, anything else?

14           *MR. HUTT:*  No, sir.

15           *THE COURT:*  Thank you.

16           *MR. HUTT:*  Thank you very much, Your Honor.

17           *THE COURT:*  You're welcome.

18           Response by the Government, please.

19           *MR. COOK:*  Thank you, Your Honor.

20           *THE COURT:*  You're welcome.

21           *MR. COOK:*  The Government doesn't necessarily have any

22   objections to the oral motion that was made this morning.  The

23   Government's here to set trial dates, if necessary.  The

24   Government would note that 38 days remain on speedy trial.

25           So if the Court is inclined to grant the Ends of

1    Justice Motion as it is written, the unamended version, and the

2    speedy trial begins to pick up again on December 23, the trial

3    date would likely need to be set the end of January to meet the

4    speedy calculations.

5           Aside from that, the Government doesn't have any

6    objections to the amended version of the Ends of Justice

7    Motion.

8           THE COURT:  What is the Government's request

9    concerning commencement of trial on February 20, 2018?

10          MR. COOK:  The Government has looked at their

11   calendars and that would work the week of February 20.

12          THE COURT:  Counsel, to the extent you have or will

13   confer momentarily, again, how many days should the Court

14   reserve for trial in this case?

15          MR. COOK:  I think at most three, Your Honor.

16          THE COURT:  Let me talk about that.  It's been my

17   experience that most of the first day of trial will be consumed

18   by jury selection, preliminary instructions, and opening

19   statement, which ordinarily does not permit the presentation of

20   much evidence on day one.

21          Now, similarly, the last day of trial is normally

22   consumed by a jury instruction conference, instructing the

23   jury, closing arguments, leaving some, albeit it a brief but

24   reasonable, time for the jury at least to commence their solemn

25   deliberations.

1           Where does that take us?  That leaves us, essentially,

2   a day plus, a modicum of time for the presentation of all the

3   evidence.  Is the Government satisfied that all of the evidence

4   can be fairly presented in this case in little more than a day?

5           *MR. COOK:*  We have discussed this.  To make it a more

6   conservative estimate, possibly four days.  I think the week of

7   February 20, President's Day falls on that Monday.  So we'd

8   possibly have that entire week.  Four days would be a

9   conservative estimate.

10          *THE COURT:*  All right.  Thank you.  Anything further?

11          *MR. COOK:*  No, Your Honor.  Thank you.

12          *THE COURT:*  Thank you.

13          Very well.  The matter came before the Court for

14  hearing on the styled Unopposed Motion for a 60-day Ends of

15  Justice Exclusion, document 72, filed by counsel for the

16  defendant on October 23, 2017.

17          During the hearing, the Court entertained the now

18  unopposed oral motion of the defendant to amend the existing

19  motion to exclude time for 60 days essentially from today's

20  date or, roughly, through and including February 19 or 20,

21  2018.

22          The request, of course, as amended implicates the

23  Speedy Trial Act of 1974, codified globally at 18 U.S.C.

24  Section 3161 through 74.

25          The amended motion implicates specifically 18 U.S.C.

1   Section 3161 and is seeking a so-called exclusion of time under

2   the ends of justice provisions of the Act found at Section

3   3161(h)(7)(A) which animates the tethered quadripartite factors

4   at (h)(7)(B)(i) through (iv).

5          The amended motion also is unopposed.  The Court

6   conducted the hearing today on the motion and now amended

7   motion to ensure that the record was sufficiently complete to

8   justify for the discrete activities included in the motion as

9   supplemented during the hearing for the specific amount of time

10  that was requested.

11         Largely, the foundational and predicate facts averred

12  in the motion are deemed established, and I did not reiterate

13  them here.  The initial unopposed motion described in

14  reasonable detail the various factors and circumstances that

15  counsel for the defendant believed necessitated the exclusion

16  of, first, 60 days and now an additional 60 days as indicated

17  on the record.

18         In this case, defense counsel is struggling with

19  logistics and geography, which all implicate an extraordinary

20  period of time necessary simply to meet with his client in

21  person.

22         Additionally, defense counsel, as all of his ilk, are

23  busy professionally, and not unexpectedly have significant

24  duties, responsibilities, and obligations to other clients in

25  other cases, both in state and federal court, cases which are

1    in various stages of evolution and development.

2            Counsel for Mr. Shields, in examining the many factors

3    that he discussed both in the written motion and as

4    supplemented by him on the record in a reasonable and

5    reticulated way, simply cannot be prepared to proceed to trial

6    until, roughly, February 20, 2018.

7            I continue to rely on the continuing and expanding

8    professional experience and judgment of counsel in this case.

9            I continue to be sensitive to and mindful of the

10   teachings of relevant case law, including the relevant

11   jurisprudence of the United States Supreme Court and the Tenth

12   Circuit Court of Appeals in such cases as *Bloate v. United*

13   *States*, *United States v. Tinklenberg* for the Supreme Court, and

14   *U.S. v. Williams*, *U.S. v. Toombs*, *U.S. v. Larsen*, *U.S. v.*

15   *Loughrinn*, *U.S. v. Watson* and *U.S. v. Margheim* by the Tenth

16   Circuit Court of Appeals.

17           I have considered the quadripartite factors, to the

18   extent relevant and apposite, as I must, under Section

19   3161(h)(7)(B)(i) through (iv).  As required by Section

20   (h)(7)(C), I have not predicated my ruling on congestion of the

21   Court's calendar or lack of diligent preparation by counsel.

22           On these complicated facts, I conclude first in the

23   context of (7)(B)(i) that failure to exclude time from

24   October 23, 2017, through and including February 19, 2018,

25   would likely result in a miscarriage of justice largely to

1   Mr. Shields, ironically in the name of providing him with a

2   speedy trial.

3        In the context of (B)(ii), the case is somewhat

4   unusual, giving the situs of the alleged crime and not so much

5   the nature of the prosecution by the potential existence for

6   somewhat novel questions of fact or law.

7        All of that, too, makes it unreasonable to expect

8   adequate preparation for pretrial proceedings and participation

9   in the trial itself within the time limits established by the

10  Act.

11       The factor at (B)(iii) is largely irrelevant and

12  inapposite, obviating the need for further findings,

13  conclusions, and analysis.

14       In the context of the factor at (B)(iv), based on this

15  factual and informational record and the foregoing conclusions

16  of the Court, a failure to exclude time as requested now in

17  this case would deprive counsel for the defendant the

18  reasonable time necessary for effective pretrial and trial

19  preparation, taking into account the exercise of due diligence.

20       Thus, considering the totality of the foregoing

21  findings and conclusions, I conclude ultimately that the Ends

22  of Justice served by granting the motion as amended outweighs

23  the best interest of the public and Mr. Shields in a speedy

24  trial as defined by the Speedy Trial Act.  Thus, I should and

25  will exclude additional time as requested under the so-called

14

1   Ends of Justice provisions of Section 3161(h)(7)(A).

2          Now, I interrupt the dictation of my findings,

3   conclusion, and order.  I'm looking for your concurrence,

4   Mr. Hutt, that four days, February 20 through 23, will be

5   sufficient for the trial of this case.  Do you concur?

6          *MR. HUTT:*  I agree with that, Your Honor.

7          *THE COURT:*  Very well.  Thank you.

8          Counsel, as you know, it is my common practice to

9   schedule at least one Trial Preparation Conference prior to the

10  commencement of trial.  Ordinarily, I hold those on the

11  Thursday or Friday immediately preceding the Monday of trial.

12         *MR. HUTT:*  Your Honor, if I may.

13         *THE COURT:*  You may.

14         *MR. HUTT:*  I'm scheduled to teach at a continuing

15  education conference out of town on Thursday the 15th and

16  Friday the 16th of February but am available earlier in

17  that same week or the previous week.

18         *THE COURT:*  Well, let's look for time during the

19  preceding week of February 5.  My attention is drawn

20  immediately to Thursday, February 8, 2018.  I would propose

21  11:00 a.m. on February 8 for Trial Preparation Conference.  Is

22  that available and acceptable to the Government?

23         *MR. COOK:*  Yes, Your Honor.

24         *THE COURT:*  Is that available and acceptable to

25  Mr. Shields and you, Mr. Hutt?

1          *MR. HUTT:*  It is, Your Honor.

2          *THE COURT:*  Thank you.

3          Therefore, it is ordered as follows.

4          That the Unopposed Motion for a 60-day Ends of Justice

5     Exclusion, document 72, as amended during this hearing, is

6     granted.

7          That, accordingly, the time from on and including

8     October 23, 2017, through and including February 19, 2018,

9     shall be excluded from the time for a speedy trial under the

10    Speedy Trial Act of 1974.

11         That as agreed by all, the Court shall conduct a Trial

12    Preparation Conference on February 8, 2018, commencing at 11:00

13    a.m. mountain standard time at which Mr. Shields shall appear

14    unless otherwise excused by order of the Court.

15         Provided furthermore, that, to the extent necessary,

16    the United States Marshal for the District of Colorado and/or

17    the Bureau of Prisons shall assist the Court in securing the

18    appearance of Mr. Shields at the Trial Preparation Conference.

19         That, as agreed by all, trial by jury shall commence

20    on Tuesday, February 20, 2018, at 8:30 a.m. mountain daylight

21    time at which trial Mr. Shields shall appear for all purposes

22    without further notice, order, or subpoena.

23         Provided furthermore, that, as requested, the Court

24    reserves four days, if necessary, for trial, including

25    February 20 through February 23, 2018.

1        That, again, to the extent necessary, the United

2    States Marshal for the District of Colorado and/or the Bureau

3    of Prisons shall assist the Court in securing the appearance of

4    Mr. Shields for trial.

5        That the extant Trial Preparation Conference order

6    shall be supplanted and superseded by the entry of a subsequent

7    Trial Preparation Conference order.

8        That to the extent the defendant intends to seek leave

9    of the Court to file any additional nonCJA pretrial motion, he

10   shall file the appropriate motion as soon as practicable.

11       Very well.  I inquire.  Are my findings, conclusions

12   and orders acceptable and intelligible to you, Counsel, for the

13   Government?

14       *MR. COOK:*  Yes, Your Honor.

15       *THE COURT:*  To the defense?

16       *MR. HUTT:*  Yes, Your Honor.

17       *THE COURT:*  Then so ordered effective forthwith in

18   open court.

19       Further business to come before the Court from the

20   perspective of the Government, Mr. Cook?

21       *MR. COOK:*  No, Your Honor.  Thank you.

22       *THE COURT:*  You're welcome.  Or on behalf of the

23   defense, Mr. Hutt?

24       *MR. HUTT:*  No, Your Honor.

25       *THE COURT:*  Counsel, a pleasure as always.  Please

1    close the record in this case.  The Court again is in recess.

2         Mr. Shields, we bid you a good day.

3         *THE DEFENDANT:*  Thank you.

4         (Court stood in recess at 11:38 a.m.)

5                    * * * * *

6                **REPORTER'S CERTIFICATE**

7    I certify that the foregoing is a correct transcript from

8    the record of proceedings in the above-entitled matter.  Dated

9    at Denver, Colorado, this 26th day of October, 2018.

10

11                              *S/Tracy Weir*
                                Tracy Weir
12

13

14

15

16

17

18

19

20

21

22

23

24

25