IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 15-CR-00200-REB

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

SHAWN SHIELDS,

        Defendant.

_____

**REPORTER'S TRANSCRIPT**
(Trial Preparation Conference)

_____

        Proceedings before the HONORABLE ROBERT E. BLACKBURN,

Judge, United States District Court for the District of

Colorado, commencing at 11:35 a.m., on the 8th day of February,

2018, in Courtroom A1001, United States Courthouse, Denver,

Colorado.

Proceeding Recorded by Mechanical Stenography, Transcription
Produced via Computer by Tracy Weir, 901 19th Street,
Room A258, Denver, Colorado 80294, (303) 298-1207

**APPEARANCES**

1

2          VALERIA SPENCER and CLAY COOK, Assistant U.S.

3    Attorneys, 1801 California Street, Suite 1600, Denver, Colorado

4    80202, appearing for the plaintiff.

5          ABRAHAM HUTT, Attorney at Law, Recht & Kornfeld, P.C.,

6    1600 Stout Street, Suite 1400, Denver, Colorado 80202,

7    appearing for the defendant.

8                        *   *   *   *   *

9                        **PROCEEDINGS**

10         (In open court at 11:35 a.m.)

11         *THE COURT:*  Thank you.  Please be seated.

12         Thank you.  We open the record in case 15-cr-00200;

13    again, identified as United States of America versus Shawn

14    Shields, defendant.

15         The matter was tentatively set to come before the

16    Court this date at 11:00 a.m. for Trial Preparation Conference

17    and related proceedings.

18         It is now approximately 11:36 a.m., and, commencing

19    with the Government and transitioning to the defense, Counsel,

20    may I have your appearances for the record, please.

21    Ms. Spencer.

22         *MS. SPENCER:*  Good morning, Your Honor.  Valeria

23    Spencer and Clay Cook on behalf of the United States.

24         *MR. COOK:*  Good morning.

25         *THE COURT:*  Good morning.

1            *MR. HUTT:*  Good morning, Your Honor.  Abraham Hutt on

2    behalf of Shawn Shields who I'm told and who I've spoken to on

3    the telephone is appearing by telephone.

4            *THE COURT:*  Of course, we were to have proceeded by

5    way of VTC.  Due to circumstances beyond the control ostensibly

6    of all present in open court, we could not do that.

7            Instead, and at least temporarily, Mr. Shields joins

8    us telephonically.  Mr. Shields, good morning.

9            *THE DEFENDANT:*  Good morning, Your Honor.  I'm here on

10   conference call.

11           *THE COURT:*  Very well.  And thank you.

12           Now, I'm somewhat uncomfortable about conducting this

13   level of hearing absent Mr. Shields; that is, either in person

14   or by VTC, but I inquire of you, Mr. Hutt.

15           *MR. HUTT:*  I share the Court's discomfort.  I

16   discussed that with Mr. Shields, but we didn't want to simply

17   say, no, we're uncomfortable so we don't want to do anything.

18           I thought it would be best to see, frankly, how much

19   we could accomplish this way so that we're wasting as little

20   time as possible.

21           So our position is that we'll go forward, at least to

22   the extent we're able to, and if we get to a point where I

23   don't feel like I can effectively represent Mr. Shields or

24   Mr. Shields feels like he's not being effectively represented

25   because he's not here any more than by voice, we'll advise the

1 │ Court.

2 │      *THE COURT:*  Very well.  Mr. Shields, back to you.

3 │ It's important that you hear all that transpires in these

4 │ important proceedings.  If you do not, I simply respectfully

5 │ request that you bring that to our attention so that we may

6 │ adjust accordingly.  Can you and will you do that?

7 │      *THE DEFENDANT:*  Yes, Your Honor.  I've deferred to my

8 │ attorney as far as the comfortable level that he feels he can

9 │ proceed, and I'll leave it in his capable hands as well as

10 │ yours.  If I have any issue, I will speak up.

11 │      *THE COURT:*  Very well.  Thank you.

12 │      Now, before I commence formally the Trial Preparation

13 │ Conference, pending before the Court are three motions filed

14 │ recently on behalf of Mr. Shields.  I'm referring to the

15 │ request, which is really a Motion for Leave to File Motions out

16 │ of Time, document 76, filed February 4, 2018.

17 │      A Motion to Dismiss Based on Selective Prosecution and

18 │ for Discovery in Support of the Motion, document 77, filed that

19 │ same date.

20 │      Finally, a Motion to Dismiss Violation of Bureau of

21 │ Prisons Rules, document 78, filed that same date.

22 │      These motions were filed on Sunday.  On Monday, I

23 │ issued a minute order requiring an expedited response by the

24 │ Government.  Those responses to all three pending motions were

25 │ filed within the time allocated by the Court on February 7,

1    2018.

2         I'm not going to receive any further hearing or

3    argument on the request for leave to file motions out of time.

4    Suffice it to say, the Government makes a puissant and cogent

5    case to deny the motion, but I exercise my discretion to now

6    grant the request for leave to file motions out of time,

7    document 76.

8         Mr. Hutt, this really is now your opportunity to reply

9    orally to the response of the Government to your pending

10   motions to dismiss.

11             *MR. HUTT:*  Thank you, Your Honor.

12             *THE COURT:*  If you'll report to the podium, please.

13   Thank you.

14             *MR. HUTT:*  I was just going to ask your permission to

15   do that.  Thank you.

16             *THE COURT:*  You're welcome.

17             *MR. HUTT:*  The first thing I need to tell the Court is

18   the motions that I filed, I mailed -- put in the mail

19   immediately to Mr. Shields, but he has not received them.  Of

20   course, as the Court can infer or also know, the responses, of

21   course, are not anything that Mr. Shields has been able to

22   receive or read or review.

23         I do believe -- the reason -- I obviously set forth in

24   the motion why it is we filed what we did, but I feel it's

25   critical to Mr. Shields for him to be able to see the motion

1   and the responses in order for me effectively to be able to

2   provide a reply to the Court.

3        *THE COURT:*  Then how quickly can you bring your

4   replies in writing?

5        *MR. HUTT:*  That's a good question because it will, I

6   think, require me to be able to get to ADX to the prison to

7   meet with Mr. Shields.  I, frankly, think that that will likely

8   be more expeditious than trying to do this conversation in a

9   combination of mailing the documents and doing telephone

10  conferences.  I know that my schedule in February and March is

11  going to make that very difficult.

12       *THE COURT:*  Well, here's how it's going to work.  I'm

13  going to give you one week, until February 15, 2018, by which

14  to file your anticipated replies, noting that replies in

15  criminal cases are not authorized directly by rule or local

16  rule of practice but are extraordinary per se.

17       *MR. HUTT:*  I understand the Court's order.

18       *THE COURT:*  Very well.  You may be seated.  We'll

19  transition to conduct and commence the Trial Preparation

20  Conference.

21       *MR. HUTT:*  Your Honor, may I inquire of the Court?

22       *THE COURT:*  Yes.

23       *MR. HUTT:*  Based on the response that I think is

24  necessary and the questions that are raised by the responses

25  filed by the Government, along with the two requests for a writ

1    of habeas corpus for testimony that I have filed, along with,

2    frankly, several other issues --

3              THE COURT:  When were those filed?

4              MR. HUTT:  This morning, Your Honor.

5              THE COURT:  I haven't seen them.

6              MR. HUTT:  I apologize.  I saw, as we were awaiting

7    the conference call being set up, an e-mail notification that

8    they had been received.  I assumed that meant that the Court

9    had gotten them.

10             THE COURT:  If you think I'm glued to my computer

11   screen in my chambers on pins and needles awaiting the filing

12   of anything by counsel, I now disabuse you of that notion.

13             MR. HUTT:  I assumed the Court had many more important

14   things to do.

15             It is, quite frankly, my feeling that in a motion by

16   Mr. Shields to continue the trial date is going to be needed

17   and that I was awaiting both these responses, the Court's

18   ruling about whether or not the motions would be allowed out of

19   time, and what consideration the Court would need to give them

20   to be able to make the necessary particular showings to the

21   Court.

22             I want to advise the Court that that's our position,

23   is that I do not feel like I can be ready for trial given all

24   of these circumstances for the presently scheduled trial date.

25             THE COURT:  Very well.  Thank you.  Again, I'm not

1   going to provide an advisory opinion on a motion that has not

2   yet properly been filed with the Court.  A word to the wise.

3   All of you should continue to expect commencement of trial as

4   now set by previous order of the Court, that date having been

5   discussed with counsel and accepted by counsel.

6           I'm going to refer to you to my Trial Preparation

7   Conference order, document 12, of May 22, 2015.  To the extent

8   it remains relevant, I will use that as an agenda and road map

9   to conduct this Trial Preparation Conference.

10          Today, this case is first set to commence trial by

11  jury on February 20, 2018.  The Court reserves the balance of

12  that week, four days, if necessary, as requested by counsel.

13          Here, your stipulated and proposed jury instructions

14  and verdict forms are not yet due.  That deadline will accrue

15  shortly.  The same with respect to your voir dire examination

16  questions and what I expect in that matter is your good faith

17  and best efforts to anticipate those questions that you intend

18  to propound to the venire.

19          Will you necessarily or automatically be sanctioned in

20  any way if you don't anticipate all of the questions that you

21  intend to asked?  No.  But I'm looking for, as I say, your good

22  faith and best efforts now.

23          As you both know -- as you all know, excuse me -- once

24  the trial commences, it takes on a life and personality of its

25  own, and that's certainly true with jury selection and voir

1    dire examination.

2            The jury selection process.  Madam Clerk, if you'll

3    approach the bench, I'll tender to you the proposed jury

4    selection protocol for the trial of this case.  If you'll

5    provide a copy to counsel for the Government and counsel for

6    the defense.  Thank you.  I propose we try the case with one

7    alternate.  Any objection by the Government?

8            *MS. SPENCER:*  No, Your Honor.

9            *THE COURT:*  Or by Mr. Shields?

10           *THE DEFENDANT:*  No.

11           *MR. HUTT:*  No, Your Honor.

12           *THE COURT:*  We'll proceed on that basis.  The

13   alternate juror will be designated at this time as the juror in

14   seat No. 9; I rehearse, seat No. 9.

15           The jury selection process is actually easier to do

16   than it is to explain, but this jury selection protocol will

17   give you some idea as to the procedure that I will use in the

18   selection of the jury for this case.

19           This jury selection protocol will ripen into an order

20   approving this protocol.  Of course, you will receive copies of

21   the order and another copy of this same protocol.

22           To the extent that you have any questions now

23   concerning the protocol, I will entertain your questions.  Any

24   questions, for now, by the Government?

25           *MS. SPENCER:*  No, Your Honor.

1    THE COURT:  Or by the defense?

2    MR. HUTT:  Your Honor, I haven't read through it

3    entirely.  Nothing jumps out.

4    THE COURT:  Very well.  Thank you.  If something does,

5    we can circle back and digress to entertain your questions or

6    comments.

7    MR. HUTT:  Thank you, sir.

8    THE COURT:  You're welcome.  The Court will issue a

9    one-page juror questionnaire, a copy of which will be completed

10   by each prospective juror selected for the possible trial of

11   this case on the morning that the prospective jurors report for

12   possible service.  Once those questionnaires are completed,

13   copies of which will be provided to you, Counsel, as soon as

14   they become available.

15   Now, who will be seated at respective counsel table,

16   hearing first from the Government?

17   MS. SPENCER:  Your Honor, we do not have an advisory

18   witness.  It will be Mr. Cook and myself.

19   THE COURT:  Very well.  And, I presume, Mr. Hutt and

20   Mr. Shields.  Anyone else?

21   MR. HUTT:  Your Honor, I will likely have another

22   lawyer with me, at least for jury selection.  That will

23   probably be either attorney Andrew Ho, spelled H-O, or another

24   attorney from my firm.  I need to check with people to see.

25   THE COURT:  I presume no objection, at least for now,

1    by the Government, not knowing exactly who else might be

2    present and seated at defense counsel table, but my growing

3    experience teaches me to inquire to confirm.  Any objection,

4    for now, by the Government?

5         *MS. SPENCER:*  No, Your Honor.

6         *THE COURT:*  Thank you.  We'll proceed, for now, on

7    that basis.

8         *MR. HUTT:*  Your Honor, as I think about it, the one

9    other possibility would be a legal assistant, one of two legal

10   assistants, David Dungan, D-U-N-G-A-N, or Leni, L-E-N-I,

11   Charles, common spelling.

12        *THE COURT:*  Again, I presume, at least for now, no

13   objection by the Government, and I hear none.

14        *MS. SPENCER:*  That's correct.

15        *THE COURT:*  I'm looking at prospective witness lists.

16   I'm focusing on the Government's, the only one I have.

17   Correctional counselor Jamie or Jaime?

18        *MS. SPENCER:*  It is Jaime.

19        *THE COURT:*  All right.  For now, does either party

20   anticipate, contemplate the use of the presentation of evidence

21   or testimony by any form of deposition?  The Government?

22        *MS. SPENCER:*  No, Your Honor.

23        *THE COURT:*  Or Mr. Shields?

24        *MR. HUTT:*  No, Your Honor.  There are additional

25   witnesses I can identify.  I haven't provided anything in

1    writing.  I can do that orally if the Court wishes and

2    certainly in writing.  I was unclear whether -- what the

3    Court's deadline was going to be in a trial preparation order

4    for the provision of witness names.

5         *THE COURT:*  Well, page 3, paragraph 12.  "That at the

6    outset of the Trial Preparation Conference, each party shall

7    submit on the witness list form required by the Court," et

8    cetera.

9         *MR. HUTT:*  I apologize, Your Honor.  I had heard the

10   Court's order that it was -- seen the Court's order that it

11   was, essentially, vacating the previously issued trial

12   preparation order and anticipating a new one.

13        So I did not pay -- I did not realize that the Court

14   was going to use as detail this trial preparation order.  I

15   apologize for that error.

16        *THE COURT:*  What would lead you to believe that a

17   subsequent Trial Preparation Conference order would have been

18   any different than this one, except to correct the date of the

19   trial?  I ask that rhetorically.  I, frankly, changed my mind.

20        *MR. HUTT:*  Consequently, Your Honor, I did come

21   prepared provide --

22        *THE COURT:*  Mr. Shields, are you with us?  Hello.

23        *WOMAN:*  Hello.  Hi.

24        *THE COURT:*  You're talking to a federal judge who's

25   used to something more formal than a "hi."

1      *THE DEFENDANT:*  Your Honor, I believe we have the

2  teleconference back up and running now.

3            *THE COURT:*  I can see Mr. Shields.

4            *THE DEFENDANT:*  Yes.  I can see you as well and the

5  courtroom.

6            *THE COURT:*  Very well.  Where were we?  At any rate,

7  if you're able to identify the witnesses, please do so now.

8            *MR. HUTT:*  Two are identified in the requests for

9  writs of habeas corpus filed earlier today, Donald Heisler and

10  Vincent Basciano.  In addition, there are two Bureau of Prisons

11  employees identified in reports given to the defense as SIS

12  Technician Michael Thompson and SIS Technician Turner.

13            *THE COURT:*  Very well.  Thank you.  I only want to

14  have the benefit of their names so that I can correctly

15  pronounce their names when I inquire of the prospective jury as

16  to their relationship or acquaintanceship with one or more of

17  the prospective witnesses who may testify during the trial.

18            Now, once an exhibit is admitted by stipulation,

19  without objection or over objection, it may be published or

20  broadcast to the jury without first seeking independent leave

21  of the Court, but you must coordinate your presentation with

22  the courtroom deputy clerk so that the appropriate system may

23  be accessed to facilitate any such publication or broadcast.

24            It appears that the allocation of time, four days,

25  should be more than sufficient for purposes of this trial.  To

1    the extent that you disagree, I'll receive your position now.

2    Any objection or disagreement by the Government?

3            *MS. SPENCER:*  No.

4            *THE COURT:*  Or Mr. Shields?

5            *MR. HUTT:*  No, Your Honor.

6            *THE COURT:*  Thank you.  All of us should be mindful of

7    the necessity for cautionary or limiting instructions.  In that

8    regard, I'm guided, of course, by Rule 105 as codified and

9    construed.

10           Now, how will Mr. Shields be dressed during the trial,

11   in prison garb or civilian clothing?

12           *MR. HUTT:*  Our request is for it to be civilian

13   clothing.

14           *THE COURT:*  Very well.  I'll ask you to coordinate

15   that with either the folks at the Bureau of Prisons or the

16   United States Marshals.

17           Security precaution, requirement, or issues.  I

18   presently plan to do the following, and that is to put skirts

19   around your tables to allow Mr. Shields to be dressed in

20   civilian clothing with his hands free, but he will be secured

21   out of sight beneath the table.

22           Mr. Shields will not be moved anywhere, in or out of

23   the courtroom, in the presence of the jury.

24           That may be overkill to an extent because the jury

25   will learn, in short order, that he is currently incarcerated

1  at Ad Max in Florence, Colorado, and he's an inmate there.

2       I'm going to do whatever I can to mitigate and

3  minimize any visual prejudice he might suffer otherwise.  If

4  you object or have a better mousetrap, I'll hear from you now.

5  The Government?

6       *MS. SPENCER:*  Your Honor, the Government is familiar

7  with the Court's procedures in this courtroom and does not find

8  any objection with those.

9       *THE COURT:*  Mr. Hutt?

10      *MR. HUTT:*  No, Your Honor.

11      *THE COURT:*  Very well.  For now, we'll proceed on that

12 basis.

13      If you need trained in courtroom technology, you need

14 to make those arrangements sooner, rather than later, with the

15 courtroom deputy clerk.  She's an excellent trainer and tutor,

16 I'm told.

17      Likewise, if you intend to bring props or artifacts or

18 other strange things into the courthouse, please coordinate

19 with her to do that so that she can grease the skids, if you

20 will, with our security officers and security protocol.

21      Courtroom etiquette and protocol.  I'm not worried

22 about you, Counsel.  The rules are simple but significant.

23 Please stand at all times to address the Court.  Please try not

24 to interrupt the Court, especially when the Court is entering

25 findings, conclusions, and related orders.

1        Please ask your witnesses to appear in business

2   casual.  In a high profile criminal trial and case not all that

3   long ago, the poor defendant called a witness who walked

4   through the back doors of the courtroom, and I was struck by

5   the fact he was wearing a cut-off sweatshirt.  That was

6   mitigated somewhat because he had on a long sleeve, but dingy,

7   white sweatshirt.  I was able to get over all of that.  I

8   quickly graduated to his cargo shorts.  I was teaching myself

9   to live with that.  I got to his sandals.  That was nearly the

10   coup de grâce, but the knee-length socks with the white sandals

11   was too much.  Keep you and your witnesses out of harm's way.

12   They need to be dressed in appropriate attire in a criminal

13   trial in federal court, please.

14        I'll ask you be attentive during my administration of

15   the solemn oath required under Rule 603 of the witnesses.  If

16   you're not, I simply will not commence the administration of

17   the solemn oath until I have your attention.

18        Please allow your opposing counsel to be seated after

19   removing himself or herself from the podium before you commence

20   your own examination.  I'll assist you in that regard.

21        For now, I have limited attorney-conducted voir dire

22   examination to 15 minutes per side.  Is that sufficient for

23   purposes of the Government?

24        *MS. SPENCER:*  It's never enough for attorneys.  I'll

25   go with the 15 minutes.

1          *THE COURT:*  Mr. Shields?

2          *MR. HUTT:*  I was hoping she not concede so quickly and

3     request of the Court 30 minutes.

4          *THE COURT:*  30 minutes?

5          *MR. HUTT:*  Yes, Your Honor.

6          *THE COURT:*  I'll revisit that request after my own

7     voir dire examination.  Frankly, if I do my job correctly, I

8     will have appropriated all of your best questions and gone well

9     beyond that.

10         *MR. HUTT:*  Thank you, Your Honor.  While I'm thinking

11    of it, the questionnaire the Court alluded to it's going to

12    use, is there a place -- can the Court provide that to us, or

13    is there a place I can go to review that prior to trial?

14         *THE COURT:*  It will be served on you in the form of an

15    attachment to an order identifying and approving the discrete

16    selection I've approved for trial in this case.

17         *MR. HUTT:*  Thank you very much.

18         *THE COURT:*  You're welcome.  I will issue an order of

19    sequestration under Rule 615 immediately prior to commencement

20    of opening statements.  By then, hopefully, you will have had

21    an opportunity to visit with your prospective witnesses about

22    that order of sequestration.

23         For now, opening statements are limited to 30 minutes

24    per side.  Any objection by the Government?

25         *MS. SPENCER:*  No, Your Honor.

1        *THE COURT:*  Or by Mr. Shields?

2        *MR. HUTT:*  No, Your Honor.

3        *THE COURT:*  Very well.

4            Objections made in the presence of the jury should be

5    as succinct as possible.  We're in luck.  All of our federal

6    rules are numbered.  They have titles or corresponding

7    traditional labels.  Feel free to use those, of course.  If

8    you're citing to a secondary source, such as case law or one of

9    our legal giants on evidence, *McCormick* and others, please

10   feel free to do so.

11           If you conclude that your somewhat succinct

12   opportunity in the presence of the jury is insufficient, please

13   feel free to request permission to expatiate at the bench

14   outside the hearing of the jury without any guarantee that your

15   request will be granted by the Court.

16           Now, to eliminate or minimize bench or side bar

17   conferences, if you have something that we need to take up at

18   the end of the day outside the presence and hearing of the

19   jury, then I need sufficient, advance warning of your issue and

20   the timing of that so that I can excuse the jury accordingly.

21           Similarly, if you have something that we need to

22   consider before the commencement of the next day of trial in

23   the presence of the jury, I need sufficient advance warning so

24   I can adjust the timing of the reporting of the jury for that

25   succeeding day.

1        For now, closing arguments are going to be limited to

2    45 minutes per party.  We'll revisit the sufficiency of that

3    allocation at the conclusion of the evidence when, of course,

4    the evidentiary landscape is much clearer than it is now.

5        For any additional information about the courthouse,

6    the courtroom, submission of trial exhibits, then please feel

7    free to take those up, not with Kathleen Finney, my judicial

8    assistant, but, instead, Ms. Roberson.

9        Very well.  That concludes what I have in mind for

10   purposes of the Trial Preparation Conference.  Counsel, do you

11   have other issues, questions, or matters, hearing first from

12   the Government?

13        *MS. SPENCER:*  I know you'll address this.  A question

14   about the deadlines for jury instructions and voir dire

15   questions.  The Government filed those yesterday in

16   anticipation of today.  That is document 83.  So that's done.

17   Just in terms of deadlines, if you were going to give those out

18   today or in your order for jury instructions.

19        *THE COURT:*  They're the subject, I think, of my

20   practice standards.  Voir dire examination questions due five

21   working days before the commencement of trial.  Your proposed

22   stipulated and competing and nonstipulated jury instructions,

23   also five days before commencement of trial.

24        Those are the two largest deadlines that float into my

25   mind.  Otherwise, please read and heed my criminal practice

1    standards and, again, review the extant Trial Preparation

2    Conference order.

3         Now, any matters on behalf of Mr. Shields?

4         MR. HUTT:  Your Honor, I had one question, if I may,

5    regarding the Court's jury selection protocol.

6         THE COURT:  Certainly.

7         MR. HUTT:  Number 17.

8         THE COURT:  Paragraph 17?

9         MR. HUTT:  Yes.  After a peremptory challenge is

10   exercised, the Court, I take it -- it says will be replaced

11   immediately by lot.  So they'll not come in in numerical order.

12        THE COURT:  No.  I will not allow you to game the

13   system.  Everything will be done randomly.  When I say "lot,"

14   the computer will have already scrambled that list for us.

15        MR. HUTT:  So the computer will scramble the list

16   following the seating of the first 13 jurors.

17        THE COURT:  First 31 jurors.  It will scramble the

18   prospective jurors seated in seats 14 through 31.

19        MR. HUTT:  Okay.  As to the 13 who will originally be

20   in the jury box --

21        THE COURT:  31 will be in the original jury box.

22   They'll be seated in and in front of the jury box.  The Court

23   will conduct voir dire examination of 31 prospective jurors.

24        MR. HUTT:  I see.  Okay.

25        THE COURT:  I learned to do that in the Arapahoe

1    County District Court in trying a case out of -- I came up from

2    La Junta to do that in 1992.  I've been doing it a long time.

3              MR. HUTT:  We'll have the answers to the

4    questionnaires for the 31 jurors?

5              THE COURT:  Yes.  And for all other prospective

6    jurors.

7              MR. HUTT:  And will we be able to identify by the way

8    they are seated --

9              THE COURT:  Yes.  They will each have a lanyard with a

10   number in front of them.  You'll have a seating chart that we

11   will prepare.

12             MR. HUTT:  Okay.

13             THE COURT:  It will be computerized and typewritten

14   initially.  As we make changes, we'll look to you to remain

15   current by making your own additions and corrections.

16             MR. HUTT:  And that will be provided, I assume -- I

17   won't assume.  When will the Court be able to provide the

18   seating chart?

19             THE COURT:  The seating chart will be provided once we

20   have -- once the computer has selected randomly the first 31

21   prospective jurors.

22             MR. HUTT:  And how much time will the Court give us to

23   review the answers to their questionnaires?

24             THE COURT:  Only until we have the prospective jurors

25   up and ready to go.  You're in luck because you'll have my

1    extensive voir dire examination, followed by the Government's

2    voir dire examination.  You're really in the catbird seat.

3    You, by definition, will have more time than anyone to prepare

4    for voir dire examination.

5              MR. HUTT:  It's not making me any calmer, Your Honor.

6    Does the Court have a rule with regard to addressing jurors by

7    name or by number?

8              THE COURT:  We'll probably do both.

9              MR. HUTT:  Thank you, Your Honor.

10             THE COURT:  Unless I become concerned -- and I'm not

11   yet now -- of the security requiring the anonymity of the

12   prospective jurors.  For the record, sometimes it's easier for

13   me to address a prospective juror by the number assigned to

14   that particular juror.  That's not intended as a slight to that

15   prospective juror or anyone else.

16             Now, during your voir dire examination, I grew up in

17   the state court system.  I'm neither frustrated nor intimidated

18   by attorney-conducted voir dire examination.  I can identify

19   readily two great and deadly sins, not to be committed by you

20   hopefully.

21             First, please don't ask a question that's been asked

22   and answered.  Now, that doesn't mean there isn't room for

23   variation on a theme because there is, but if you find yourself

24   introducing your proposed question this way, I know that the

25   Court or counsel has already asked this question, stop, check

1    yourself.  Ask a slightly different question.

2            Second, this is trial by jury.  It's not trial by

3    counsel.  So voir dire examination is not your opportunity to

4    become case specific, strategy specific, defense specific, or

5    evidence specific, fact specific with the jury.  So if you find

6    yourself doing that, you're going to have to wait to sell this

7    case to this jury until at least opening statements.  And I'll

8    assist you in that regard.

9            Anything else on behalf of Mr. Shields?

10           *THE DEFENDANT:*  I have a question, Your Honor.

11           *THE COURT:*  I'm really talking to Mr. Hutt, your

12   attorney, but that's fine.

13           *THE DEFENDANT:*  I would like to inquire what date was

14   set for finalization of jury instructions, how much time do we

15   have?

16           *THE COURT:*  Five working days before the commencement

17   of trial on February 20.

18           *THE DEFENDANT:*  Okay.  Thank you.

19           *THE COURT:*  You're welcome.  Mr. Hutt, any further

20   questions?

21           *MR. HUTT:*  I guess I want to inquire about if the

22   Court's going to enter an order about Mr. Shields' presence in

23   proximity to the courthouse for trial and when that will be.

24           *THE COURT:*  No.  I will react to any relief that you

25   request by appropriate motion filed so that it, of course, may

1    be vetted through the Government and the Bureau of Prisons and

2    the Marshal Service in this case.

3              MR. HUTT:  Okay.  I'm going to ask leave of the Court,

4    if I can, to speak with Mr. Shields briefly after the

5    conclusion of today's proceeding.

6              THE COURT:  Leave will be granted to do that.

7              MR. HUTT:  Thank you, Your Honor.

8              THE COURT:  Very well.  I presume nothing further.

9    Counsel, thank you.

10             We'll close the record in this case for now.  The

11   Court is again in recess.

12             Madam Clerk, please declare the recess of the Court.

13   Mr. Hutt, please coordinate with the courtroom deputy clerk the

14   arrangements necessary for you to have a confidential

15   communication by telephone with Mr. Shields.

16             MR. HUTT:  Thank you very much, Your Honor.

17             THE COURT:  Very well.  The Court is in recess.

18             (Court stood in recess at 12:13 p.m.)

19                         *  *  *  *  *

20                       **REPORTER'S CERTIFICATE**

21        I certify that the foregoing is a correct transcript from

22   the record of proceedings in the above-entitled matter.  Dated

23   at Denver, Colorado, this 2nd day of November, 2018.

24

25                                   *S/Tracy Weir*
                                     _____
                                     Tracy Weir